UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNA ROSE HACKETT,<br><br>　　　　　　　　*Plaintiff,*<br><br>-against-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., MUNICIPAL CREDIT UNION, AND TOYOTA MOTOR CREDIT CORPORATION,<br><br>　　　　　　　　*Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Joanna Rose Hackett ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendants Municipal Credit Union ("MCU") Toyota Motor Credit Corporation ("Toyota") (MCU and Toyota are the "Furnisher Defendants"), and against Defendant Experian Information Solutions, Inc. ("Experian" or the "CRA Defendant") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Rochester, New York.

6. Defendant MCU is a New York entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant Toyota is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

8. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

9. Plaintiff is a victim of a mixed file.[1]

10. Defendant Experian combined Plaintiff's credit information with that of one or more other consumers (hereinafter "Mixed Information").

11. The Mixed Information included a credit account with MCU opened on November 27, 2010 ("MCU Account") and a Toyota credit account opened on May 5, 2018 ("Toyota Account").

12. Plaintiff disputed her mixed file to Experian and, as described herein, all Defendants failed to conduct reasonable investigations of one or more of Plaintiff's disputes, resulting in inaccurate information remaining in her file.

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information of more than one consumer into a single consumer file.

13. Among other examples of defamatory publications, Experian published Mixed Information to JPMorgan Chase Bank on December 6, 2023 after Plaintiff disputed the Mixed Information. This publication defamed Plaintiff, thereby:

    a. Giving JPMorgan Chase Bank the false impression that Plaintiff was a poor credit risk,

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Experian Disputes*

14. On September 22, 2023, Plaintiff disputed Mixed Information, including the MCU Account and Toyota Account, to Experian ("First Dispute").

15. Upon information and belief, Experian failed to investigate the MCU Account or Toyota Account.

16. Experian continued to report the disputed information even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information.

17. On November 13, 2023, Plaintiff disputed Mixed Information, including the MCU Account and Toyota Account, to Experian ("Second Dispute").

18. Upon information and belief, Experian notified MCU and Toyota about the Second Dispute.

19. After Plaintiff's dispute and upon information and belief, MCU and Toyota verified to Experian that the MCU Account and Toyota Account were reporting accurately even though MCU and Toyota could not, had they performed reasonable investigations, have verified that the disputed information was accurately attributable to Plaintiff.

20. Experian, in turn, continued to report the disputed Mixed Information even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Experian informed Plaintiff of its conclusion in dispute results dated December 11, 2023.

*Damages*

21. At all times pertinent hereto, the conduct of each Defendant and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

22. In the alternative, the conduct of each Defendant and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

23. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

24. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including frustration and apprehension about applying for credit.

    b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

    c. Unjustifiable invasions of Plaintiff's privacy rights as Plaintiff's personal information was disseminated to unauthorized parties.

25. Additionally, because Experian mixed Plaintiff's file, Plaintiff was compelled to spend time and money disputing the Mixed Information.

26. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

27. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[2]

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY MCU AND TOYOTA
## (FURNISHER DEFENDANTS)

28. Because of its unlawful reporting and verification of the MCU Account, Furnisher Defendant MCU is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute of the MCU Account reporting on Plaintiff's Experian credit report after, upon information and belief, MCU received notice of Plaintiff's dispute from Experian;

    b. failing to review all relevant information provided to MCU by Experian concerning Plaintiff's dispute of the MCU Account;

---

[2] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

    c.  failing to promptly modify, delete, or permanently block any and all information about the disputed MCU Account that MCU, had it conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d.  falsely representing to Experian that Plaintiff was responsible for the MCU Account.

29. Because of its unlawful reporting and verification of the Toyota Account, Furnisher Defendant Toyota is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a.  failing to conduct a reasonable investigation of Plaintiff's dispute of the Toyota Account reporting on Plaintiff's Experian credit report after, upon information and belief, Toyota received notice of Plaintiff's dispute from Experian;

    b.  failing to review all relevant information provided to Toyota by Experian concerning Plaintiff's dispute of the Toyota Account;

    c.  failing to promptly modify, delete, or permanently block any and all information about the disputed Toyota Account that Toyota, had it conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d.  falsely representing to Experian that Plaintiff was responsible for the Toyota Account.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY EXPERIAN**
**(CONSUMER REPORTING AGENCY)**

*Violations of FCRA § 1681e(b)*

30. Experian violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Experian did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Mixed Information.

   *Violations of FCRA § 1681i*

31. Experian violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of the Mixed Information after Plaintiff disputed its accuracy to determine whether the Mixed Information was accurately reporting.

32. Experian violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Mixed Information.

33. Experian violated FCRA § 1681i(a)(5) by failing to promptly delete the Mixed Information from its consumer file for Plaintiff despite the fact that Experian, had it conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

                                               Law Office of Matthew A. Lazroe
                                               Matthew A. Lazroe, Esq.
                                               43 Court Street, Suite 1111
                                               Buffalo, NY 14202
                                               716-989-0090
                                               Matthew@LazroeLaw.com